OA 91 Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

**EMC**

UNITED STATES OF AMERICA
V.
MICHAEL NORTHCUTT

**FILED**

OCT 1 2 2007

RICHARD W WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 3-07-70602

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about July 26, 2007 in San Francisco County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

knowingly possess in and affecting interstate commerce a firearm, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year,

in violation of Title 18 United States Code, Section(s) 922(g)(1).

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

See attached Affidavit of Steven Robinson, which is incorporated by reference herein.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved
As To
Form: Drew Caputo  *Andrew Caputo*
      AUSA

Special Agent Steven Robinson
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

_10/12/07_     at  San Francisco, California
Date                    City and State

Honorable Edward M. Chen    United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

### AFFIDAVIT OF STEVEN D. ROBINSON
### IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven D. Robinson, being duly sworn, depose and say as follows:

1.  I am a special agent for the Federal Bureau of Investigation ("FBI"), where I investigate cases involving violent gangs and drug trafficking activity.

2.  I make this affidavit in support of a criminal complaint charging Michael Northcutt with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As described below, there is probable cause to believe that on July 26, 2007, Northcutt knowingly possessed in and affecting interstate commerce a firearm, specifically a Beretta Model 96 .40 caliber handgun. As further described below, prior to July 26, 2007, Northcutt was convicted of a crime punishable by imprisonment for a term exceeding one year. Based on this probable cause, I respectfully request that an arrest warrant issue for Northcutt.

3.  The purpose of this affidavit is to set forth facts establishing probable cause to support the issuance of the requested arrest warrant. The information contained in this affidavit is based either on my own personal knowledge or on information provided to me by other law enforcement officers. Not all facts known to me are necessarily contained in this affidavit. The affidavit is limited to the facts relevant and necessary to establish probable cause for the requested arrest warrant.

### EXPERIENCE AND TRAINING

4.  I have been an FBI special agent since December 2002. I am presently assigned to the San Francisco office of the FBI, where I investigate cases involving violent crimes and drug trafficking activity. During my employment with the FBI, I have participated in several federal search warrants and arrests involving alleged narcotics trafficking and violent acts. I have received training at the FBI Academy in Quantico, Virginia, on topics such as violent street gangs, criminal case management, informant development, and investigations involving Title III interceptions of wire communications.

### APPLICABLE LAW

5.  The crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), has three elements. First, the defendant must knowingly possess a firearm. Second,

1  the firearm must have been shipped or transported in interstate or foreign commerce. Third, at
2  the time the defendant possessed the firearm, the defendant must previously have been convicted
3  of a crime punishable by imprisonment for a term exceeding one year.

### KNOWING POSSESSION OF FIREARM

6. On July 26, 2007, at approximately 10:45 a.m, Officer Nocetti of the San Francisco Police Department ("SFPD") was contacted by a confidential reliable informant ("CRI") who had previously provided reliable, actionable information. The CRI told Officer Nocetti that a black male was driving in the area of 6th Street and Market Street in possession of a firearm. The CRI stated that the black male was driving a white Ford Taurus with a partial license plate of "R301" or "R103" and was the sole occupant of the vehicle. Officer Nocetti provided this information to other SFPD officers.

7. Approximately one hour later, at 11:48 p.m., SFPD officers who had received Officer Nocetti's information located a white Ford Taurus station wagon with California license number 5YFR301. The vehicle was stopped at a red light westbound on Market Street at Taylor Street, very close to the area previously mentioned by the CRI.

8. The SFPD officers conducted a felony stop of the vehicle. They ordered the driver, a black male later identified as Michael Northcutt, out of the vehicle and onto the ground in a prone position. Northcutt complied.

9. I know from my training and experience that it is standard practice to physically clear a vehicle during a felony traffic stop. Based on my training, officers are to open all doors to the vehicle, to ensure that there are no other people in it. The SFPD officers followed this procedure, stating additionally that they opened the doors as they were unable to see into the vehicle to determine if there were other individuals inside the vehicle, due to heavily tinted windows.

10. While opening the doors to ensure that there were no other people in the vehicle, the officers saw in plain view a handgun protruding from underneath the right front passenger seat. The officers left the handgun in place and continued to clear the vehicle. They found no other people in the vehicle.

11. The SFPD officers left the handgun in place and advised a sergeant and a lieutenant on the scene of the presence of the handgun. Other officers took photos of the handgun in place. I have reviewed these photos. Based on these photos, the barrel of the gun can clearly be seen protruding from underneath the right front passenger seat.

12. Northcutt was detained by the SFPD officers. Upon being detained and before receiving his <u>Miranda</u> warnings, Northcutt asked the SFPD officers why he was being arrested. After the officers informed Northcutt that he was being arrested for the gun in the car, Northcutt spontaneously stated, "Oh yeah. Well, that's all I got!" During a later interview with SFPD Officers Do and Murray, Northcutt denied making this statement.

13. The handgun found in the vehicle was processed by the San Francisco Crime Scene Investigations Unit. It was identified as a Beretta Model 96 .40 caliber handgun, serial number BER012773M. The handgun was loaded with one round in the chamber and nine additional rounds in the magazine.

14. After advising Northcutt of his <u>Miranda</u> rights, Officers Do and Murray interviewed Northcutt. Northcutt said he had been using the Ford Taurus for two days and was in the process of purchasing the car from a female that he knows only as "Antoinette." He later acknowledged that it may have been a different female. Northcutt denied any knowledge of the gun in the car. He stated that there where other people in the car during the previous two days but said he did not remember their names.

### INTERSTATE/FOREIGN COMMERCE NEXUS

15. I have physically inspected the gun found in the Ford Taurus that Northcutt was driving on July 26, 2007. The Beretta Model 96 handgun, Serial No. BER012773M, is clearly stamped "Made in Italy." I also know from training and experience that Beretta firearms are not manufactured in the state of California.

### PRIOR FELONY CONVICTION

16. I have reviewed documents concerning Northcutt's criminal history, including his San Francisco and California "rap sheets" and certain minute orders from San Francisco Superior Court. Based on my review, Northcutt has multiple previous felony convictions. For purposes of

3

1  this complaint, I will refer specifically to one previous conviction. In 2001, Northcutt was
2  convicted in San Francisco Superior Court of violating Cal. Health & Safety Code § 11352(a),
3  which prohibits the transport or sale of controlled substances. A violation of Cal. Health &
4  Safety Code § 11352(a) is punishable by imprisonment for a term exceeding one year.
5      17.    Northcutt also admitted in his interview with Officers Do and Murray that he is a
6  convicted felon.

## STATEMENT OF PROBABLE CAUSE

8      15.    Based on the facts set forth in this affidavit, there is probable cause to believe that
9  Northcutt possessed a firearm on July 26, 2007, in violation of 18 U.S.C. § 922(g)(1). As
10 described above, officers found Northcutt alone in a vehicle with a firearm in the same vehicle.
11 Johnson made a statement to the officers indicating that he possessed the firearm. The firearm
12 originated outside of California. Prior to July 26, 2007, Northcutt was convicted of a crime
13 punishable by imprisonment for a term exceeding one year. For these reasons, there is probable
14 cause to believe that Northcutt violated 18 U.S.C. § 922(g)(1) by being a felon in possession of a
15 firearm. Based on this probable cause, I respectfully request the issuance of an arrest warrant for
16 Northcutt.

STEVEN D. ROBINSON
Special Agent, FBI

Subscribed and sworn to before me
this ___12th___ day of October, 2007.

HON. EDWARD M. CHEN
United States Magistrate Judge

4